

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00088-CR

---

LACHARLES CURTIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. DC-2025-CR-0276, Honorable William R. Eichman II, Presiding

---

July 15, 2025

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, LaCharles Curtis, appeals his conviction for tampering with or fabricating physical evidence[1] and sentence to twenty years of confinement. Appellant's brief was originally due May 1, 2025, but we granted Appellant's appointed counsel two extensions to file a brief due to counsel's caseload. By letter of June 24, 2025, we admonished Appellant's counsel that failure to file a brief by July 2 could result in the

---

[1] *See* TEX. PENAL CODE ANN. § 37.09(c).

appeal being abated and the cause remanded to the trial court for further proceedings without further notice.  On July 10, 2025, Appellant's counsel filed a third motion requesting a thirty-day extension to file a brief.

In the interest of conservation of judicial resources, we deny Appellant's third motion for extension, abate the appeal, and remand the cause to the trial court for further proceedings.  *See* TEX. R. APP. P. 38.8(b)(2), (3).  Upon remand, the trial court shall determine the following:

1.      whether Appellant still desires to prosecute the appeal;

2.      whether Appellant is indigent;

3.      why a timely appellate brief has not been filed on behalf of Appellant;

4.      whether Appellant's counsel has abandoned the appeal;

5.      whether Appellant has been denied the effective assistance of counsel;

6.      whether new counsel should be appointed; and

7.      if Appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions.  So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by September 2, 2025.  If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

Should Appellant's counsel file a brief on or before the date the trial court acts per our directive, he shall immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.